UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DAVID TANT, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 6:18-CV-168-ADA-JCM |
| | § | |
| WAL-MART STORES, INC., | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| and SWIFT TRANSPORTATION CO. | § | |
| OF ARIZONA, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DAVID TANT** ("Plaintiff" or "Tant") complaining of **WAL-MART STORES, INC.** and **WAL-MART STORES TEXAS, LLC** (collectively, "Wal-Mart" or "Defendant") and **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC** ("Swift Transportation," "Swift" or "Defendant") and hereby files this his PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT and in furtherance thereof would respectfully show unto the Court as follows:

**I.**
**PARTIES**

1. Plaintiff Tant is an individual citizen of the State of Texas and resides in Bell County.

2. Defendant Wal-Mart Stores, Inc. is a foreign for-profit corporation. Defendant is authorized to do business in the state of Texas and may be served with process pursuant to TEX. Bus. ORG. CODE §5.255 by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can be effected by personal delivery or certified mail, return receipt requested.

3. Defendant Wal-Mart Stores Texas, LLC is a foreign for-profit limited liability company. Defendant is authorized to do business in the state of Texas and may be served with process pursuant to TEX. Bus. ORG. CODE §5.255 by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Service of said Defendant as described above can be effected by personal delivery or certified mail, return receipt requested.

4. Defendant Swift Transportation Company of Arizona, LLC is a foreign for profit limited liability company. Defendant is authorized to do business in the state of Texas and may be served with process pursuant to TEX. Bus. ORG. CODE §5.255 by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201- 3136. Service of said Defendant as described above can be effected by personal delivery or certified mail, return receipt requested.

## II.
## JURISDICTION & VENUE

5. This Court has jurisdiction over the matter under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and because Plaintiff is a citizen of Texas and Defendants Wal-Mart and Swift are citizens of a different state.

6. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(a)(2) because it is the District in which all or a substantial part of the events or omissions giving rise to the claim occurred and/or where a substantial part of the property at issue is situated.

## III.
## BACKGROUND FACTS

7. Defendant Wal-Mart is a multi-national retail corporation that operates a chain of grocery stores across the United States and elsewhere and is the largest company in the world. Wal-Mart operates numerous grocery stores and distribution centers throughout the state of Texas.

8. Defendant Swift Transportation is a truckload motor shipping carrier in the business of transporting various goods using commercial trucks an and throughout several states, including the

state of Texas. Defendant Swift is also a motor carrier registered with the U.S. Department of Transportation in the business of transporting trucks, trailers and goods in interstate and intrastate commerce.

9. Defendant Wal-Mart contracted with Defendant Swift to transport certain refrigerated and/or frozen goods by and between Wal-Mart distribution centers and retail locations in Texas and throughout the United States. Under typical circumstances, a Swift commercial truck driver would be directed to pick up a trailer containing certain refrigerated and/or frozen goods at a Wal-Mart distribution center and transport the goods to a Wal-Mart retail store location.

10. In or around 2016, Plaintiff was employed as a commercial truck driver for Defendant Swift Transportation. On or about May 11, 2016, Plaintiff was directed to drive his commercial truck to a Wal-Mart distribution center in Bell County, Texas in order to pick up a trailer of certain refrigerated and/or frozen goods loaded by employees of Wal-Mart.

11. When Plaintiff arrived at the Wal-Mart distribution center, Plaintiff was assigned a refrigerated trailer. Thereafter, one or more Wal-Mart employees loaded the refrigerated trailer with certain frozen and/or refrigerated goods. While some of the frozen and/or refrigerated goods were safely secured to pallets, others were not. After loading palletized goods into the trailer, Wal-Mart employees then placed additional, non-secured goods on top of the palletized goods within the trailer.

12. After the trailer was loaded, Plaintiff was directed to transport the goods to a Wal-Mart retail location (Store # 536) in Abilene, Texas (the "Abilene Wal-Mart"), where the goods would be unloaded.

13. Sometime during the transportation and/or unloading of goods to the Abilene Wal-Mart, a number of the unsecured goods in the trailer fell onto the trailer floor, leaving a mixture of ice and clear liquid on the same. Notably, the inside of the trailer was unlit and separated by dividers into refrigerated and/or frozen sections.

14. Upon arriving at the Abilene Wal-Mart, Plaintiff backed his commercial truck and/or trailer into a loading bay, as directed by Wal-Mart and/or Swift. At the time Plaintiff arrived at the Abilene Wal-Mart, it was dark outside with poor weather conditions and visibility.

15. Plaintiff notified Wal-Mart of his arrival, accompanied a Wal-mart employee to the loading bay and opened the trailer doors as directed. Unfortunately, certain lights in Wal-Mart's loading bay intended to illuminate the inside of the trailer were burned out and/or inoperable.

16. Thereafter, Wal-Mart began unloading the palletized and unpalletized goods from the trailer using a forklift and/or pallet jack. In addition, Wal-Mart employees began sweeping certain areas of the trailer in which unsecured goods had fallen. During this process, Plaintiff slipped and fell on certain clear liquid that had been deposited on the floor of the trailer from the unsecured goods, causing him to suffer serious physical injuries.

17. Both Wal-Mart and Swift have refused to accept any responsibility for the above-referenced incident and for Plaintiff's injuries.

## IV.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST THE WAL-MART DEFENDANTS

18. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

19. Defendant Wal-Mart had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

20. The negligent, careless and reckless disregard of duty of Defendant Wal-Mart, consisted of, but is not limited to, the following acts or omissions:

    a. Failing to properly inspect and maintain its trailer;

    b. Failing to properly load certain goods for transport;

    c. Failing to safely secure certain goods for transport;

    d. Failing to properly unload certain goods;

    e. Failing to properly inspect, assemble and maintain certain product prior to loading

  onto the truck and/or trailer;

 f. Failing to provide adequate safety policies and procedures concerning the assembly, loading, transportation, distribution and unloading of certain product on the truck and/or trailer;

 g. Failing to have adequate safety policies and procedures for the assembly, loading, transportation and unloading of certain goods;

 h. Failing to provide adequate lighting for the loading and unloading of certain goods and/or operation of a loading bay;

 i. Failing to train or supervise its employees as required to ensure a safe work environment;

 j. Negligently and carelessly operated a motorized forklift device and/or pallet jack; and

 k. Failing to provide its own employees with the instrumentalities necessary to perform their job safely.

21. In addition, and in the alternative, Defendant owned and/or controlled the trailer at all times material hereto. Defendant knew or should have known of the danger created by its failure to properly maintain its trailer and/or failure to properly load its trailer. The condition presented an unreasonable risk of harm to Plaintiff. Defendant failed to make the condition reasonably safe and failed to provide Plaintiff with an adequate warning of the condition.

22. In addition, and in the alternative, Defendant owned and/or controlled the loading bay at the Abilene Wal-Mart at all times material hereto. Defendant knew or should have known of the danger created by its failure to properly maintain the lighting within the loading bay. This condition presented an unreasonable risk of harm to Plaintiff. Defendant failed to make the condition reasonably safe and failed to provide Plaintiff with an adequate warning of the condition.

23. Each of the foregoing acts and omissions by Defendant Wal-Mart, singularly or in combination with others, constituted negligence which proximately caused the occurrence and the personal injuries which Plaintiff suffered.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT SWIFT

24. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

25. In Texas, all employers have a responsibility to establish and maintain a workplace free from recognized hazards likely to cause death or serious physical harm. Part of this responsibility includes proper training, supervision, policies and procedures in order to protect employees from harm and injury.

26. Defendant had a duty to exercise the degree of care that a reasonably careful employer would use to avoid harm to an employee under circumstances similar to those described herein.

27. Defendant, by and through its officers, employees, agents and representatives, violated its duty of care and on the occasion in question, committed acts of omission and/or commission in the operation of a forklift device, which collectively and severally, constitute negligence. Respondent's negligent acts and omissions include without limitation the following:

   a. Failing to provide a reasonable safe place to work for employees such as Plaintiff;

   b. Failing to properly supervise and/or train Defendant's employees;

   c. Failing to provide adequate instructions, policies and/or procedures in order to complete the work in a way that was safe;

   d. Defendant's failure to provide Plaintiff with the instrumentalities, tools, policies and procedures necessary to perform his job safely;

   e. Defendant's failure to properly inspect and maintain the truck and/or trailer;

   f. Defendant's failure to properly inspect, assemble and maintain certain product prior to loading onto the truck and/or trailer;

   g. Defendant's failure to properly load certain product onto the truck and/or trailer; and

   h. Defendant's failure to provide adequate safety policies and procedures concerning the assembly, loading, transportation, distribution and unloading of certain product on the truck and/or trailer.

28. In addition, and in the alternative, Defendant, on information and belief, owned and/or controlled the trailer at all times material hereto. Defendant knew or should have known of the danger created by a trailer de-frosting and causing ice to develop on the floor. The condition presented an unreasonable risk of harm to Plaintiff. Defendant failed to make the condition reasonably safe and failed to provide Plaintiff with an adequate warning of the condition.

29. Each of such acts and omissions by Defendant, singularly or in combination with others, constituted negligence which proximately caused the collision and the personal injuries which Plaintiff suffered.

## VI.
### VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

30. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

31. At all relevant times, Defendants' employees were acting in the course and scope of their employment with Defendants.

32. Under the doctrine of vicarious liability and/or *respondeat superior,* Defendants are thereby liable for the wrongful acts and omissions of its current and former employees and agents under Texas law and should be held liable for every act and omission of the same and any and all damages resulting from the same.

## VII.
### DEFENDANT SWIFT TRANSPORTATION IS A NON-SUBSCRIBER

33. In Texas, an employer has the option of providing workers' compensation insurance for employees and becoming a subscriber under the Texas Workers Compensation Act (the "TWCA"), or not providing workers' compensation insurance and remaining a nonsubscriber. TEX. LAB. CODE ANN. § 406.002(a) (West 2006); *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.). If the employer chooses not to subscribe, the employer may not assert common law defenses

against an employee in a negligence suit. *Briggs*, 337 S.W.3d at 281; *Hunt Constr. Group, Inc. v. Konency*, 290 S.W.3d 238, 243 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

34. Where an employee brings an action against his employer as a result of a workplace injury and the employer is a non-subscriber, the employer may not assert the defense that: (1) the injured employee was guilty of contributory negligence; (2) the injured employee assumed the risk of injury; or (3) the injury to the employee was caused by the fellow employee. *See* TEX. LAB. CODE § 406.033 (West 2006).

35. At the time Plaintiff was injured, Swift Transportation had, on information and belief, elected not to provide workers' compensation insurance coverage to its employees, and therefore, was a non-subscriber. As a result, Defendant Swift Transportation may *not* offer as a defense to this matter that Plaintiff was guilty of contributory negligence, that Plaintiff assumed the risk of the injury, or that Swift is not responsible because one of its employees otherwise caused the injury.

## VIII.
### PLAINTIFF'S DAMAGES

36. Plaintiff hereby incorporates all preceding paragraphs and further alleges as follows.

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries, and to incur the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

   b. Reasonable and necessary medical care and expenses which will, in all probability, be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering which will, in all probability, be incurred in the future;

   e. Mental anguish in the past;

  f. Mental anguish which will, in all probability, be incurred in the future;

  g. Physical impairment in the past;

  h. Physical impairment which, in all probability, will be suffered in the future;

  i. Disfigurement in the past;

  j. Disfigurement which will, in all probability, be incurred in the future;

  k. Lost wages incurred in the past; and,

  l. Loss of earning capacity which will, in all probability, be incurred in the future.

## IX.
## JURY TRIAL

38. Plaintiff demands a jury trial and tenders the appropriate fee with this his Second Amended Original Complaint.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**JOHNSON HOBBS SQUIRES, LLP**

/s/ Ryan C. Johnson
_____

Ryan C. Johnson
State Bar No. 24048574
Rod S. Squires
State Bar No. 18979300
The Roosevelt Tower
400 Austin Avenue, Suite 903
Waco, Texas 76701
(254) 732-2242
(866) 627-3509 facsimile
rjohnson@jhsfirm.com
rsquires@jhsfirm.com

and

Christopher W. Bennett
State Bar No. 24069367
**THE ZIMMERMAN LAW FIRM**
P.O. Box 88
Waco, Texas 76703
(254) 752-9688
(254) 752-9680 facsimile
cbennett@zlawhelp.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent this the 7th day of February, 2019, by facsimile, e-service, e-mail and/or certified mail, return receipt requested to the following:

**BRETT H. PAYNE**
WALTERS, BALIDO & CRAIN, LLP
9020 N. Capital of Texas Hwy
Building 2, Suite 225
Austin, Texas 78759
(512) 472-9000
(512) 472-9002 facsimile
brett.payne@wbclawfirm.com

**JOE RIVERA**
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76703
(254) 755-4129
(254) 754-6331 facsimile
jrivera@namanhowell.com

**PAUL C. ASPY**
NAMAN HOWELL SMITH & LEE, PLLC
8310 Capital of Texas Highway, Suite 490
Austin, Texas 78731
(512) 479-0300
(512) 474-1901
aspy@namanhowell.com

/s/ Ryan C. Johnson
_____
Ryan C. Johnson